UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **FANEUIL HALL MARKETPLACE, LLC,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v. | ) |
| | ) |
| **THOMAS E. BROWN and** | ) |
| **STEPHANIE L. BROWN,** | ) |
| **Defendants** | ) |

## MOTION TO DISMISS

*NOW COMES* Stephanie Brown, a Defendant in the above-captioned matter, and moves to dismiss the action against her on the grounds that the Court does not have jurisdiction over her, and in support thereof says as follows:

1. She does not transact any business in the Commonwealth. She did not transact any business in the Commonwealth.

2. She did not sign the Guaranty which is in issue in this case. The Defendant knows or with reasonably diligent investigation would know that she did not sign the Guaranty which is in issue in this case.

3. She has not contracted to supply services or things in the Commonwealth.

4. She has not caused tortuous injury by any act or omission in the Commonwealth.

5. She does not regularly do or solicit business or engage in any other persistent course of conduct or derive substantial revenue from goods used or consumed or services rendered in the Commonwealth.

6. She does not have an interest in, nor use nor possess real property in the Commonwealth.

7. She has not contracted to insure any person, property or risk located in the Commonwealth.

8. The sole source of jurisdiction over the Defendant Stephanie Brown is the allegation that the Defendant Stephanie Brown has executed and delivered a Guaranty.

9. The Defendant Stephanie Brown did not execute and deliver a Guaranty. The signature of Stephanie Brown on the Guaranty is forged.

10. A copy of the signature page of the forged Guaranty is attached hereto as *Exhibit A*.

11. Copies of record samples of Stephanie Brown's authentic signature are attached hereto as *Exhibit B*.

12. The Affidavit of Stephanie Brown affirming the foregoing fact is attached hereto as *Exhibit C*.

13. The Defendant Stephanie Brown, never having done business in the Commonwealth of Massachusetts, has not submitted herself to the jurisdiction of the courts of the Commonwealth of Massachusetts, and this cause of action may not be brought against her there.

**WHEREFORE**, the Defendant Stephanie Brown respectfully requests this Honorable Court order and decree as follows:

A. That the cause of action be dismissed against her;

      B.      That she be granted her reasonable attorneys fees; and

      C.      For such other and further relief as is just and equitable.

> Respectfully submitted,
> STEPHANIE BROWN
>
> By Her Attorneys,
> FORD, WEAVER & McDONALD, P.A.

Dated: August 26, 2005      By: */s/ Edmond J. Ford*
      Edmond J. Ford, Esquire (BBO 646710)
      10 Pleasant Street, Suite 400
      Portsmouth, New Hampshire 03801
      (603) 433-2002 Telephone
      (603) 433-2122 Facsimile
      eford@fordandweaver.com

## CERTIFICATE OF SERVICE

      I hereby certify that on August 26, 2005 a copy of the foregoing Motion to Dismiss has been forwarded electronically and/or via United States Mail, postage prepaid, to the following parties:

Anthony M. Moccia      Thomas Brown
ECKERT SEAMANS CHERIN &      30 Myrica Avenue
MELLOT, LLC      Rye, NH 03870
1 International Place
Boston MA 02110

      By:      */s/ Edmond J. Ford*
      Edmond J. Ford, Esquire

F:\WPDATA\Ed\2410-001\MA pleadings\motion dismiss.wpd

<u>G U A R A N T Y</u>

ANNEXED TO AND FORMING A PART OF THE LEASE DATED       MAR 1 4 2002
BETWEEN, FANEUIL HALL MARKETPLACE, INC., a Maryland corporation
("Landlord"), and R & B ENTERPRISES LLC, a Massachusetts limited
liability company t/a ZOINKS ("Tenant").

The undersigned, THOMAS BROWN and STEPHANIE BROWN ("Guarantor"), whose address is 213 Hanover Street, Boston, MA 02113, in consideration of the leasing of the Premises described in the annexed Lease to the above named Tenant, does hereby covenant and agree:

A. That if Tenant shall default in the performance of any of the covenants and obligations of said Lease on Tenant's part to be performed, then Guarantor will on demand well and truly perform the covenants and obligations of said Lease on Tenant's part to be performed and will on demand pay to Landlord any and all sums due to Landlord, including all damages and expenses that may arise in consequence of Tenant's default, and Guarantor does hereby waive all requirements of notice of the acceptance of this Guaranty and all requirements of notice of breach or non-performance by Tenant.

B. That Guarantor may, at Landlord's option, be joined in any action or proceeding commenced by Landlord against Tenant in connection with and based upon any covenants and obligations in said Lease, and Guarantor waives any demand by Landlord and/or prior action by Landlord of any nature whatsoever against Tenant.

C. That this Guaranty shall remain and continue in full force and effect as to any renewal, extension, modification or amendment of said Lease and as to any assignee of Tenant's interest in said Lease, and Guarantor waives notice of any and all such renewals, extensions, modifications, amendments or assignments.

D. That Guarantor's obligations hereunder shall remain fully binding although Landlord may have waived one or more defaults by Tenant, extended the time of performance by Tenant, released, returned or misapplied other collateral given later as additional security (including other guaranties) or released Tenant from the performance of its obligations under such Lease.

E. That this Guaranty shall remain in full force and effect notwithstanding the institution by or against Tenant of bankruptcy, reorganization, readjustment, receivership or insolvency proceedings of any nature, or the disaffirmance of said Lease in any such proceedings or otherwise.

F. That if this Guaranty is signed by more than one party, their obligations shall be joint and several and the release of one of such Guarantors shall not release any other of such Guarantors.

G. That the Guarantor or Guarantors hereby waive all suretyship defenses generally, and the right to petition for the marshalling of assets.

-1-

H.  That this Guaranty shall be applicable to and inure to the benefit of Landlord, its successors and assigns and shall be binding upon the heirs, representatives, successors and assigns of Guarantor.

I.  That Guarantor hereby waives any and all rights which it may have to request a jury trial in any action or proceeding, at law or in equity, on any and every matter arising out of or with respect to this Guaranty and the Lease.

J.  Notwithstanding the foregoing, Guarantor's liability hereunder shall be limited to: (i) an amount equal to twelve (12) months of the applicable Rental due under the Lease at the time of Tenant's default plus (ii) the unamortized amount of the Allowance (defined in Section 7.1. of the Rider) determined by multiplying the total amount of the Allowance paid to Tenant by a fraction, the numerator of which shall be the number of days from the date of Tenant's default through the unexpired Term remaining in the Lease, and the denominator of which shall be the full Term of the Lease. In addition, Guarantor shall be liable for all costs, fees and expenses of Landlord in connection with the collection of this Guaranty.

*pg 33 17.1.*

IN WITNESS WHEREOF, the undersigned has executed this Guaranty this 7th day of March

WITNESS:

_____

THOMAS BROWN, Guarantor

_____

WITNESS:

_____

STEPHANIE BROWN, Guarantor

*Stephanie L. Brown*

YNH2

24. **Releases.** Borrower, and Borrower's spouse, if any, release all rights of homestead in the Property and release all rights of curtesy and other interests in the Property.

25. **Attorneys' Fees.** Pursuant to New Hampshire Revised Statutes Annotated Section 361-C:2, in the event that Borrower shall prevail in (a) any action, suit or proceeding, brought by Lender, or (b) an action brought by Borrower, reasonable attorneys' fees shall be awarded to Borrower. Further, if Borrower shall successfully assert a partial defense or set-off, recoupment or counterclaim to any action brought by Lender, a court may withhold from Lender the entire amount or such portion of its attorneys' fees as the court shall consider equitable.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Signed, sealed and delivered in the presence of:

_____        _Stephanie L Brown_____(Seal)
                                                         -Borrower
                                 STEPHANIE L BROWN


_____        _Thomas A Brown_____(Seal)
                                                         -Borrower
                                 THOMAS A. BROWN


_____(Seal)  _____(Seal)
              -Borrower                        -Borrower


_____(Seal)  _____(Seal)
              -Borrower                        -Borrower


_____(Seal)  _____(Seal)
              -Borrower                        -Borrower


VMP®-6A(NH) (0005)               Page 14 of 15                Form 3030 1/01

BK4269PG2917

P0304024

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

**BORROWERS:**

_____*[signature: Stephanie Brown]*_____ (Seal)
STEPHANIE L. BROWN                                                                       - Borrower

_____*[signature: Thomas Brown]*_____ (Seal)
THOMAS A. BROWN                                                                          - Borrower

_____*[signature]* WITNESS TO ALL_____ (Seal)
                                                                                         - Borrower

_____ (Seal)
                                                                                         - Borrower

_____ (Seal)
                                                                                         - Borrower

_____ (Seal)
                                                                                         - Borrower

Fannie Mae/Freddie Mac UNIFORM INSTRUMENT 1/01
NH55 : 01/03                                        (Page 15)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

FANEUIL HALL MARKETPLACE, LLC,   )
                                 )
                    Plaintiff    )
                                 )
v.                               )
                                 )
THOMAS BROWN and                 )
STEPHANIE L. BROWN,              )
                    Defendants   )

## AFFIDAVIT

*NOW COMES* Stephanie Brown who, under oath, states as follows:

1. My name is Stephanie L. Brown. I'm over 18 years of age. I reside at 30 Myrica Avenue, Rye, New Hampshire 03870.

2. I have not lived in the Commonwealth of Massachusetts since 1996.

3. I do no business in the Commonwealth of Massachusetts.

4. I own no business. I am an employee of Liberty Mutual Insurance Company.

5. To the best of my knowledge, I have no ownership in any interest in any entity doing business in the Commonwealth of Massachusetts.

6. I have not contracted to supply services or things in the Commonwealth of Massachusetts.

7. To the best of my knowledge, I have not caused tortuous injury by act or omission in the Commonwealth of Massachusetts.

8. I do not on my own behalf regularly do or solicit business nor engage in any other persistent course of conduct nor derive substantial revenue from goods used or consumed or services rendered in the Commonwealth of Massachusetts. The sole contact I have with Massachusetts is on behalf of my employer.

9. I do not have any interest in, use of, nor possession of real property in the Commonwealth of Massachusetts.

10. I have not contracted to insure any person, property or risk located within the Commonwealth of Massachusetts.

11. I do not maintain a domicile in the Commonwealth of Massachusetts.

12. Attached hereto as *Exhibit A* is a copy of the alleged Guaranty. I did not sign that Guaranty. That signature is not my signature. Accurate, authentic copies my signature are attached hereto as *Exhibit B*. It is apparent on the face of it that *Exhibits A* and *B* are different signatures.

13. I did not authorize any person to affix my name to the Guaranty or to the First Amendment to Lease.

14. I did not sign, execute or deliver either the Guaranty or the First Amendment to Lease.

Further Affiant sayeth not.

Dated: August 19, 2005

_____          _____
Witness                                                         Stephanie L. Brown

THE STATE OF NEW HAMPSHIRE
COUNTY OF ROCKINGHAM, SS.

    Before me, the undersigned officer, personally appeared Stephanie L. Brown, who under oath stated and deposed that the foregoing statements are true and correct on this __19th__ day of __August__, 2005.

                                                                         Notary Public/Justice of the Peace

F:\WPDATA\Ed\2410-001\MA pleadings\affidavit brown.wpd

(3/1/02)                                                              EXHIBIT A

# GUARANTY

MAR 1 4 2002

ANNEXED TO AND FORMING A PART OF THE LEASE DATED BETWEEN, FANEUIL HALL MARKETPLACE, INC., a Maryland corporation ("Landlord"), and R & B ENTERPRISES LLC, a Massachusetts limited liability company t/a ZOINKS ("Tenant").

The undersigned, THOMAS BROWN and STEPHANIE BROWN ("Guarantor"), whose address is 213 Hanover Street, Boston, MA 02113, in consideration of the leasing of the Premises described in the annexed Lease to the above named Tenant, does hereby covenant and agree:

A. That if Tenant shall default in the performance of any of the covenants and obligations of said Lease on Tenant's part to be performed, then Guarantor will on demand well and truly perform the covenants and obligations of said Lease on Tenant's part to be performed and will on demand pay to Landlord any and all sums due to Landlord, including all damages and expenses that may arise in consequence of Tenant's default, and Guarantor does hereby waive all requirements of notice of the acceptance of this Guaranty and all requirements of notice of breach or non-performance by Tenant.

B. That Guarantor may, at Landlord's option, be joined in any action or proceeding commenced by Landlord against Tenant in connection with and based upon any covenants and obligations in said Lease, and Guarantor waives any demand by Landlord and/or prior action by Landlord of any nature whatsoever against Tenant.

C. That this Guaranty shall remain and continue in full force and effect as to any renewal, extension, modification or amendment of said Lease and as to any assignee of Tenant's interest in said Lease, and Guarantor waives notice of any and all such renewals, extensions, modifications, amendments or assignments.

D. That Guarantor's obligations hereunder shall remain fully binding although Landlord may have waived one or more defaults by Tenant, extended the time of performance by Tenant, released, returned or misapplied other collateral given later as additional security (including other guaranties) or released Tenant from the performance of its obligations under such Lease.

E. That this Guaranty shall remain in full force and effect notwithstanding the institution by or against Tenant of bankruptcy, reorganization, readjustment, receivership or insolvency proceedings of any nature, or the disaffirmance of said Lease in any such proceedings or otherwise.

F. That if this Guaranty is signed by more than one party, their obligations shall be joint and several and the release of one of such Guarantors shall not release any other of such Guarantors.

G. That the Guarantor or Guarantors hereby waive all suretyship defenses generally, and the right to petition for the marshalling of assets.

-1-

(02)

H.  That this Guaranty shall be applicable to and inure to the benefit of Landlord, its successors and assigns and shall be binding upon the heirs, representatives, successors and assigns of Guarantor.

I.  That Guarantor hereby waives any and all rights which it may have to request a jury trial in any action or proceeding, at law or in equity, on any and every matter arising out of or with respect to this Guaranty and the Lease.

J.  Notwithstanding the foregoing, Guarantor's liability hereunder shall be limited to: (i) an amount equal to twelve (12) months of the applicable Rental due under the Lease at the time of Tenant's default plus (ii) the unamortized amount of the Allowance (defined in Section 7.1. of the Rider) determined by multiplying the total amount of the Allowance paid to Tenant by a fraction, the numerator of which shall be the number of days from the date of Tenant's default through the unexpired Term remaining in the Lease, and the denominator of which shall be the full Term of the Lease. In addition, Guarantor shall be liable for all costs, fees and expenses of Landlord in connection with the collection of this Guaranty.

pg 33 17.1

IN WITNESS WHEREOF, the undersigned has executed this Guaranty this 7th day of March

WITNESS:                                 THOMAS BROWN, Guarantor

_____                  _____

WITNESS:                                 STEPHANIE BROWN, Guarantor

_____                  Stephanie L. Brown

-2-

YNH2

24. **Releases.** Borrower, and Borrower's spouse, if any, release all rights of homestead in the Property and release all rights of curtesy and other interests in the Property.

25. **Attorneys' Fees.** Pursuant to New Hampshire Revised Statutes Annotated Section 361-C:2, in the event that Borrower shall prevail in (a) any action, suit or proceeding, brought by Lender, or (b) an action brought by Borrower, reasonable attorneys' fees shall be awarded to Borrower. Further, if Borrower shall successfully assert a partial defense or set-off, recoupment or counterclaim to any action brought by Lender, a court may withhold from Lender the entire amount or such portion of its attorneys' fees as the court shall consider equitable.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Signed, sealed and delivered in the presence of:

_____       _Stephanie L Brown_____(Seal)
                                                                                   -Borrower
                                       STEPHANIE L BROWN


_____       _Thomas A Brown_____(Seal)
                                                                                   -Borrower
                                       THOMAS A. BROWN


_____(Seal)       _____(Seal)
                          -Borrower                                                -Borrower


_____(Seal)       _____(Seal)
                          -Borrower                                                -Borrower


_____(Seal)       _____(Seal)
                          -Borrower                                                -Borrower


VMP®-6A(NH) (0005)                Page 14 of 15                Form 3030 1/01

BK 4269 PG 291 7

P0304024

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

**BORROWERS:**

_____*Stephanie Brown*_____ (Seal)
**STEPHANIE L. BROWN**                                  - Borrower

_____*Thomas Brown*_____ (Seal)
**THOMAS A. BROWN**                                     - Borrower

_____ (Seal)
      WITNESS TO ALL                                    - Borrower

_____ (Seal)
                                                        - Borrower

_____ (Seal)
                                                        - Borrower

_____ (Seal)
                                                        - Borrower

Fannie Mae/Freddie Mac UNIFORM INSTRUMENT 1/01
NH55 : 01/03                          (Page 15)