UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **FANEUIL HALL MARKETPLACE, LLC,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v. | ) |
| | ) |
| **THOMAS E. BROWN and** | ) |
| **STEPHANIE L. BROWN,** | ) |
| | ) |
| **Defendants** | ) |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

*NOW COMES* Stephanie Brown, a Defendant in the above-captioned matter, by her attorneys Ford, Weave & McDonald, P.A., and submits the following Memorandum of Law in Support of her Motion to Dismiss, and says as follows:

I.   FACTS.

Stephanie Brown resides 30 Myrica Avenue, Rye, New Hampshire.  S. Brown Affidavit, para. 1.  Stephanie Brown has not lived in the Commonwealth of Massachusetts since 1996.  Id, para. 2.  Ms. Brown does no business in the Commonwealth of Massachusetts.  Id, para. 2.  Stephanie Brown owns no business.  Id, para. 4.  She earns her livelihood is as an employee of Liberty Mutual.  Id.  She does not conduct business in the Commonwealth of Massachusetts except on behalf of Liberty Mutual.  Id, para. 8.  She does not own any real property in the Commonwealth of Massachusetts.  Id, para. 9.  She does not maintain a domicile in the Commonwealth of Massachusetts.  Id, para. 11.  The sole basis for the assertion of jurisdiction in this matter over Stephanie Brown is the alleged execution of a Guaranty which is attached to the

Complaint in this matter. There is no allegation in the Complaint that Stephanie Brown received any consideration as the result of the alleged execution of this Guaranty.

The only basis for the assertion of jurisdiction over Stephanie Brown is the alleged execution of the Guaranty. Stephanie Brown did not execute the Guaranty. The signature on the Guaranty does not look anything like the authentic signatures of Stephanie Brown which were available to the Plaintiffs prior to the commencement of this action. Plaintiff's counsel was informed in February of 2005 at which time examples of her authentic signature were provided.

II.     ISSUES PRESENTED.

This is a motion under F.R.Civ.P. 12(b)(2) to dismiss for the absence of jurisdiction over the Defendant Stephanie Brown. The issue is whether or not Stephanie Brown has done some act so as to submit herself to the jurisdiction of the Massachusetts courts under M.G.L.A. 223A § 3.

III.    SUMMARY ARGUMENT.

Stephanie Brown, not having executed any Guaranty, and not having done any other act to submit herself to the jurisdiction of the courts of the Commonwealth of Massachusetts, cannot be sued in the courts of Massachusetts consistent with either the Massachusetts General Laws or the U.S. Constitution.

IV.     ARGUMENT.

The jurisdictional extent of a Massachusetts court's power is constrained by first the Massachusetts statutes and thereafter by the Constitutional analysis. <u>Carlson Corporation v. University of Vermont</u>, 380 Mass. 102, 402 N.E. 2d 483 (1980)("In testing a claim of personal jurisdiction over a nonresident defendant, we must first determine whether the defendant's

conduct comes within the literal terms of G.L. c. 223A. Only then do we consider whether the exercise of jurisdiction in the particular case would be consistent with basic requirements of due process mandated by the United States Constitution." 380 Mass. at 105, 402 N.E. 2d at 485). When a motion is filed contesting the jurisdictional basis, the "plaintiff 'has the burden of establishing the fact upon which the question of personal jurisdiction over a defendant is to be determined.'" Duoukas v. Divers Training Academy, Inc., 375 Mass. 149, 151, 376 N.E. 2d 548, 549 (1978).

In this case, jurisdiction is founded exclusively upon the alleged execution of a Guaranty. The signature upon the Guaranty is obviously different from Stephanie Brown's authentic signature. The signature upon the Guaranty is obviously different from the signatures which are and were available to the Plaintiff prior to the commencement of this lawsuit. Stephanie Brown denies having signed the Guaranty. S. Brown Affidavit at para. 12. Absent the execution of the Guaranty, there is no basis upon which to assert personal jurisdiction against Stephanie Brown.

In this Rule 12(b) motion, the mere allegation that Ms. Brown executed the Guaranty is not sufficient. Under Rule 12(b)(2) when jurisdiction is based on an allegedly forged signature and "where an affidavit refutes the allegations of the complaint, the affidavit must be taken as true unless the plaintiff submits counteraffidavits that dispute the representations made." First Financial Leasing Corporation v Hartge, 671 F.Supp. 538, 540 (N.D. Ill. 1987). The plaintiff in his response must

> address the pivotal issue whether the signatures themselves were real or forgeries. This deficiency is particularly significant because plaintiff's counsel was apparently informed in October 1986 that the signatures appeared to be forgeries, and was provided with handwriting exemplars which should have enabled him either to confirm or refute defendants' claim of forgery.

First Financial Leasing Corporation v. Hartge, 671 F.Supp. 538, 540 (N.D. Ill. 1987).  Plaintiff cannot rely upon the pleadings in the face of the specific affidavit asserting the forgery.  Instead, the plaintiff must file

> counteraffidavits which directly contradict or rebut defendants' affidavits in these important areas . . . .  Since the plaintiff has not made the requisite showing, defendants' statements must be taken as true notwithstanding the existence of contrary allegations in the complaint.

Id at 541.

V.    CONCLUSION.

Because the Defendant has no other contacts with the Commonwealth of Massachusetts, and because she has specifically rebutted the allegation of the execution of the Guaranty, and because the exemplars of her signature that were available to Plaintiff to this action are obviously different from the signature upon the Guaranty, this Court does not have jurisdiction over Stephanie Brown.

***WHEREFORE***, Stephanie Brown respectfully requests this Honorable Court order and decree as follows:

That the Court dismiss the action against the Defendant Stephanie L. Brown for the absence of jurisdiction over her under M.G.L.A. 223A § 3.

>Respectfully submitted,
>STEPHANIE L. BROWN
>
>By Her Attorneys,
>FORD, WEAVER & McDONALD, P.A.

Dated:  August 26, 2005        By: */s/ Edmond J. Ford*
                                   Edmond J. Ford, Esquire (BBO 646710)
                                   10 Pleasant Street, Suite 400
                                   Portsmouth, New Hampshire 03801
                                   (603) 433-2002 Telephone
                                   (603) 433-2122 Facsimile
                                   eford@fordandweaver.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2005 a copy of the foregoing Statement of Reasons Including Supporting Authorities has been forwarded electronically and/or via United States Mail, postage prepaid, to the following parties:

| | |
|---|---|
| Anthony M. Moccia | Thomas Brown |
| ECKERT SEAMANS CHERIN & MELLOT, LLC | 30 Myrica Avenue |
| 1 International Place | Rye, NH 03870 |
| Boston MA 02110 | |

                            By:   */s/ Edmond J. Ford*
                                  Edmond J. Ford, Esquire

F:\WPDATA\Ed\2410-001\MA pleadings\statement reasons.wpd

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FANEUIL HALL MARKETPLACE, LLC, | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v. | ) |
| | ) |
| THOMAS E. BROWN and | ) |
| STEPHANIE L. BROWN, | ) |
| | ) |
| **Defendants** | ) |

### AFFIDAVIT OF EDMOND J. FORD
### IN SUPPORT OF MOTION TO DISMISS

*NOW COMES* Edmond J. Ford, who under oath deposes and states as follows:

1. My name is Edmond J. Ford. I am counsel to Stephanie Brown. I am over 18 years of age.

2. By letter February 11, 2005, I informed Plaintiff's counsel that the signature upon the Guaranty was not that of Stephanie Brown. The foregoing letter was forwarded to Attorney Moccia via facsimile and via U.S. First Class Mail.

3. By email dated in February or March of 2005, I forwarded to Attorney Moccia, the Plaintiff's counsel, copies of deeds and mortgages recorded in the registry of deeds containing authentic copies of Stephanie Brown's signature.

Further Affiant sayeth not.

Signed on August 24, 2005 under the pains and penalties of perjury.

_____
Edmond J. Ford

F:\WPDATA\Ed\2410-001\MA pleadings\affidavit EJF.wpd